Max Pisarev Co., Appellant, *v.* Amalgamated Meat
Cutters and Butcher Workmen of North
America, Local No. 195.

Argued May 27, 1942. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

Employer, respondent, appealed.

*Daniel L. McCarthy,* for appellant.

*Louis F. McCabe,* with him *William F. O'Brien,
J. Charles Short* and *M. Louise Rutherford,* Deputy At-
torney General, for appellee.

PER CURIAM, June 29, 1942:
This proceeding was initiated by a complaint filed by
a representative of Amalgamated Meat Cutters and

Butcher Workmen of North America, Local No. 195, against Max Pisarev Company, a corporation, charging that respondent had engaged in unfair labor practices within the meaning of section 6 of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168 (43 PS §211). It was charged that respondent had interfered with the rights of self organization and collective bargaining and had discharged Paul L. Biery, an employee, because of his associations with and activities in complainant organization.

A careful examination of the entire record has convinced us that there is sufficient competent and relevant evidence. to sustain the findings, sufficient evidence to remove the question from the realm of conjecture so that a rational mind could draw the essential inferences. The act makes the board the fact-finding body (43 PS §211.9).

The entire controversy turns on a determination of the motivating cause for the discharge of Biery. No purpose would be served by a detailed rehearsal of the facts. It is sufficient to refer briefly to the circumstances of the discharge of Biery and the subsequent conduct of the officers of the company. The board could find from the evidence that Biery had been a trusted employee of respondent for several years. On the evening of July 9, 1940, Biery and four other employees joined the union and he was elected steward. The company was informed of those facts. He was absent from his work by a previous arrangement with the company on July 10. On the evening of July 11, he was advised in writing that, owing to business conditions and because he had contributed to "the spoilage of more than 100 cans of lard", his services must be dispensed with at once. The prompt and peremptory nature of the discharge, the form in which it was given, the failure of the company to sustain the charges against the employee, the attitude of extreme hostility to the union on the part of the officers of the company, the condemnation of the employees by the

management for joining the union, the attitude and evasions of the only representative of the company who took the stand, all tended to support the findings of fact, particularly the finding that Biery was discharged not because of any serious neglect of duty but because he had joined the union.

The order is affirmed at the costs of appellant.